Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: sgrecordon@aol.com

Attorneys for Plaintiff JUAN ARAUJO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ARAUJO, <br><br> Plaintiff, <br><br> vs. <br><br> LVNV FUNDING, LLC <br><br> Defendants. | CASE No. '16CV0419 JM BLM <br><br> COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND VIOLATIONS OF THE ROSENTHAL ACT |

## INTRODUCTION

1. Plaintiff Juan Araujo, through his counsel, brings this action to challenge the acts of LVNV Funding, LLC (hereinafter "LVNV" or "Defendant") regarding attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and out of Defendant's violations of California's Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act").

7. As Defendant does business in the state of California, and committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

8. Venue is proper as Defendant does business in the County of San Diego and the acts at issue took place in the County of San Diego.

## PARTIES

9. Plaintiff is a natural person, an adult, and resides in San Diego County, California.

10. Plaintiff is informed and believes and thereon alleges that Defendant LVNV is a Delaware limited liability company doing business in the state of California.

11. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

/ / /

12. Defendant, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

13. Defendant claims that Plaintiff is obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTS COMMON TO ALL CAUSES OF ACTION**

16. On or about January of 2008, Plaintiff went with his nephew, Juan Ramon Diaz Gonzalez ("Diaz"), to the House of Motorcycles, a motorcycle dealership in San Diego.

17. Diaz chose a motorcycle, and the House of Motorcycles took Diaz's information in order to ascertain whether he qualified for financing for the motorcycle.

18. The employees or agents of House of Motorcycles told Diaz that he did not qualify for financing for the motorcycle without a co-signor.

19. Diaz asked Plaintiff, in Spanish, to sign the purchase contract for the motorcycle as a co-signor, and the employees of agents of House of Motorcycles handed Plaintiff a form contract, written only in English, but spoke to him in Spanish.

/ / /

20. After Plaintiff signed the English language document that the House of Motorcycles handed him, Plaintiff was not provided with a copy of what he signed, nor any contract, written in any language.

21. Diaz used the motorcycle at issue for his personal use, and Diaz made payments on the motorcycle.

22. Plaintiff is informed and believes that HSBC provided credit on an account ("Account") to Diaz in order to purchase the above motorcycle.

23. Diaz made monthly payments on the above Account.

24. It is unclear whether any credit was available on the Account during the period from January 2008 to June 22, 2010.

25. No credit was available on the Account from June 22, 2010 on forward.

26. After March 4, 2011, Diaz made no further payments.

27. On March 16, 2011, Diaz was killed in an automobile accident.

28. As part of the family's attempt to dispose of Diaz's estate, the family returned the motorcycle.

29. Plaintiff is informed and believes, and thereon alleges that HSBC sold the motorcycle and kept the proceeds from the sale.

30. On February 27, 2015, LVNV filed a complaint ("State Court Complaint") in the Superior Court of California for the County of San Diego against Plaintiff Juan Araujo, in the matter of *LVNV Funding, LLC v. Juan Araujo*, et al, case number 37-2015-00006877-CL-CL-CTL ("State Court Action").

31. A copy of this State Court Complaint is attached hereto as Exhibit A.

32. In the above State Court Complaint, LVNV alleged that:

a. LVNV was an assignee of "HSBC Bank Nevada, NA;"

b. Plaintiff was indebted to "HSBC Bank Nevada, NA" on an open book account in the amount of $7,436.81;

/ / /

/ / /

    c.     Plaintiff formed a contract with "HSBC Bank Nevada, NA" called an "account stated" in which Plaintiff agreed to pay "HSBC Bank Nevada, NA" the sum of $7,436.81;

    d.     Plaintiff was indebted to "HSBC Bank Nevada, NA" in the sum of $7,436.81 under a theory of *assumpsit,* here denominated "goods, wares and merchandise."

33.    All of the above allegations were false.

**Time Barred Claims**

34.    In fact, LVNV did not have an enforceable legal claim under any of the above theories, as all of the above claims were time barred.

35.    As California's statute of limitations under Code of Civil Procedure §337 begins to run upon the last item on the Account at issue prior to the date when credit is no longer available, and that date occurred prior to June 22, 2010, California's four-year statute of limitations elapsed prior to the filing of the State Court Complaint.

36.    Furthermore, LVNV's *assumpsit* claims are subject to a two-year statute of limitations under California Code of Civil Procedure §339.

37.    LVNV's claims were thus time barred and unenforceable.

**False Claim of an Account Stated**

38.    LVNV's claim that Plaintiff formed an "account stated" with HSBC Bank Nevada, NA for the amount of $7,436.81 was also false, as Plaintiff never received any billing statement from HSBC Bank, Nevada, NA for that amount, and furthermore speaks very limited English and all of Plaintiff's dealings regarding the Account at issue were in Spanish.

/ / /

/ / /

/ / /

/ / /

Complaint

-5-

**False Claims of a Debt in General**

39. Furthermore, Plaintiff owed no debt to HSBC Bank Nevada, NA as Plaintiff never received a copy of any contract in Spanish, as required by California Civil Code §1632, and never received any document in Spanish regarding the debt claimed by LVNV.

40. Plaintiff received no consideration from anyone regarding the Account at issue, nor did he form any contract with any party, and therefore LVNV has no claim against Plaintiff at law or in equity.

41. LVNV therefore misrepresented the legal status of a debt, as LVNV falsely claimed to have three enforceable legal claims, when in fact they had none.

## ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION
## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

42. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

43. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the *following*:

    a. *15 U.S.C. §1692d* by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

    d. *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

    e. *15 U.S.C. §1692f(10)* by use of an unfair or unconscionable means to collect or attempt to collect a debt.

/ / /

44. Plaintiff is entitled to actual damages sustained as a result of Defendant's conduct, in an amount according to proof; to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k*.

## SECOND CLAIM FOR RELIEF

### (Violations of the Rosenthal Act by LVNV)

45. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

46. Based on information and belief, Defendant's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code §§ 1788.17* and *1788.13*.

47. Based on information and belief, Defendant's violations of *California Civil Code § 1788.17*, which incorporate several of the provisions of the FDCPA, include, but are not limited to, the following:

    a. *15 U.S.C. §1692d* by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    c. *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

    d. *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

    e. *15 U.S.C. §1692f(10)* by use of an unfair or unconscionable means to collect or attempt to collect a debt.

48. Defendant LVNV's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b)*.

/ / /

49. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for the Plaintiff;

3. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant and for Plaintiff;

4. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendant and for Plaintiff;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c) against Defendant; and

6. Such other and further relief this court may deem just and proper.

## JURY DEMAND

1. Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: February 17, 2016      /s/ Stephen G. Recordon
STEPHEN G. RECORDON
Attorney for Plaintiffs