**YU | MOHANDESI LLP**

B. Ben Mohandesi (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
Jordan Yu (SBN 227341)
213.377.5502 | jyu@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
LVNV Funding, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ARAUJO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LVNV FUNDING, LLC<br><br>　　　　　Defendant. | Case No.: 3:16-cv-0419 JM BLM<br><br>**DEFENDANT LVNV FUNDING, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Compl. Filed: February 18, 2016 |

– 1 –
DEFENDANT LVNV FUNDING, LLC'S ANSWER TO COMPLAINT

Defendant LVNV Funding, LLC ("Defendant"), hereby answers Plaintiff Juan Araujo's ("Plaintiff") Complaint.

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant admits only that the Complaint alleges that Defendant unlawfully attempted to collect a debt allegedly owed by Plaintiff. Defendant, however, denies engaging in any unlawful conduct to collect a debt owed by Plaintiff, and denies that any conduct of Defendant caused Plaintiff damages.

2. Answering Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

3. Answering Paragraph 3 of the Complaint, Defendant denies any alleged violations of any referenced statutes.

4. Answering Paragraph 4 of the Complaint, Defendant denies these allegations.

## JURISDICTION AND VENUE

5. Answering Paragraph 5 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over this case.

6. Answering Paragraph 6 of the Complaint, Defendant denies violating the FDCPA, RFDCPA, or any other laws.

7. Answering Paragraph 7 of the Complaint, Defendant admits that it conducts business in the State of California, but denies any implication of wrongful conduct. Except as stated, these allegations consist of legal conclusions to which no response is required.

8. Answering Paragraph 8 of the Complaint, Defendant admits that it conducts business in the County of San Diego. Except as stated, these allegations consist of legal conclusions to which no response is required.

# PARTIES

9. Answering Paragraph 9 of the Complaint, Defendant is informed and believes that Plaintiff is an adult, but Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

10. Answering Paragraph 10 of the Complaint, Defendant admits that it is a Delaware limited liability company, and that it does business in the State of California.

11. Answering Paragraph 11 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

12. Answering Paragraph 12 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

13. Answering Paragraph 13 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff owed a debt, but Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

14. Answering Paragraph 14 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

15. Answering Paragraph 15 of the Complaint, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

## FACTS COMMON TO ALL CAUSES OF ACTION

16. Answering Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

17. Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

18. Answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

19. Answering Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

20. Answering Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

21. Answering Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

22. Answering Paragraph 22 of the Complaint, Defendant admits that HSBC extended credit to Plaintiff.

23. Answering Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

24. Answering Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

25. Answering Paragraph 25 of the Complaint, Defendant is without

sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

26. Answering Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

27. Answering Paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

28. Answering Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

29. Answering Paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

30. Answering Paragraph 30 of the Complaint, Defendant admits that it filed a complaint against Plaintiff Juan Araujo in the matter of *LVNV Funding LLC, As assignee of HSBC Bank Nevada, NA vs. Juan Araujo* and admits the remaining allegations.

31. Answering Paragraph 31 of the Complaint, Defendant denies that the State Court Complaint is attached as Exhibit A.

32. Answering Paragraph 32 of the Complaint, including its subparts, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them. Defendant denies that the State Court Complaint is attached as Exhibit A.

33. Answering Paragraph 33 of the Complaint, Defendant denies the allegations.

34. Answering Paragraph 34 of the Complaint, Defendant denies the allegations.

DEFENDANT LVNV FUNDING, LLC'S ANSWER TO COMPLAINT

35. Answering Paragraph 35 of the Complaint, Defendant denies the allegations.

36. Answering Paragraph 36 of the Complaint, Defendant denies the allegations.

37. Answering Paragraph 37 of the Complaint, Defendant denies the allegations.

38. Answering Paragraph 38 of the Complaint, Defendant denies the allegations regarding the account stated claim.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

39. Answering Paragraph 39 of the Complaint, Defendant denies that Plaintiff never owed the subject debt claimed by Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis, denies them.

40. Answering Paragraph 40 of the Complaint, Defendant denies the allegations.

41. Answering Paragraph 41 of the Complaint, Defendant denies the allegations.

**ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**

**(Violations of the FDCPA)**

42. Answering Paragraph 42 of the Complaint, Defendant incorporates by reference its responses to the prior paragraphs.

43. Answering Paragraph 43 of the Complaint, and each of its subparts, Defendant denies these allegations.

44. Answering Paragraph 44 of the Complaint, Defendant denies these allegations.

## SECOND CLAIM FOR RELIEF

**(Violations of the Rosenthal Act by LVNV)**

45. Answering Paragraph 45 of the Complaint, Defendant incorporates by reference its responses to the prior paragraphs.

46. Answering Paragraph 46 of the Complaint, Defendant denies these allegations.

47. Answering Paragraph 47 of the Complaint, and each of its subparts, Defendant denies these allegations.

48. Answering Paragraph 48 of the Complaint, Defendant denies these allegations and demands strict proof thereof.

49. Answering Paragraph 49 of the Complaint, Defendant denies these allegations and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

50. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

51. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands and laches.

### THIRD AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions.

### FIFTH AFFIRMATIVE DEFENSE

54. Defendant's conduct was privileged and/or justified.

## SIXTH AFFIRMATIVE DEFENSE

55. Plaintiff waived any and all claims, rights and demands made in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions.

## EIGHTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims may be barred because Defendant, within 15 days either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, notified Plaintiff of the violation and made all adjustments or corrections necessary to cure the violation with respect to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

58. Defendant reserves the right to compel contractual arbitration to the extent available.

## TENTH AFFIRMATIVE DEFENSE

59. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

60. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## TWELFTH AFFIRMATIVE DEFENSE

61. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

62. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

63. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred by the statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

65. The actions of Defendant alleged in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's state law claim is therefore barred, in whole or in part, by the litigation privilege.

## SEVENTEENTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred by collateral estoppel, res judicata, and/or the Rooker-Feldman doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

67. The actions of Defendant complained of in the Complaint were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's state law claim is therefore barred, in whole or in part, by the litigation privilege.

## NINETEENTH AFFIRMATIVE DEFENSE

68. Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of the Rosenthal Act and FDCPA must be rejected as it would place an unreasonable restraint upon Defendant's constitutional rights, including the right to free speech or right of petition.

## TWENTIETH AFFIRMATIVE DEFENSE

69. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees according to proof to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

DATED: April 18, 2016.

YU MOHANDESI LLP

By */s/ Ben Mohandesi*
Ben Mohandesi
Attorneys for Defendant
LVNV Funding, LLC

DEFENDANT LVNV FUNDING, LLC'S ANSWER TO COMPLAINT

## CERTIFICATE OF SERVICE

I certify that on April 18, 2016, a copy of the foregoing was filed and served electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system as described below.  Parties may access this filing through the Court's system.

DATED:  April 18, 2016.

YU MOHANDESI LLP

By  */s/ Ben Mohandesi*
    Ben Mohandesi